9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
OKAW DRAINAGE DISTRICT, Plaintiff-Appellant,
v.
NATIONAL DISTILLERS & CHEMICAL CORPORATION, Defendant-Appellee.
 No. 93-2083.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 1, 1993.
Decided Nov. 18, 1993.
 
 Before CUMMINGS and COFFEY, Circuit Judges, and JAMES B. ZAGEL, District Judge.*
 ORDER
 This case has been before this court on two prior occasions. In the first appeal, Okaw Drainage Dist. of Champaign and Douglas County, Ill. v. National Distillers and Chemical Corp., 882 F.2d 1241 (7th Cir.1989) (Okaw I ), this court affirmed in part and vacated in part the district court's ruling from the bench. In Okaw I, we remanded the case to the district court for findings concerning Count I of the plaintiff's complaint alleging breach of contract. In spite of the decision of the appellate court, the district judge filed an opinion holding that the defendant had not breached the contract. Okaw Drainage Dist. of Champaign and Douglas County, Ill. v. National Distillers and Chemical Corp., 739 F.Supp. 459 (C.D.Ill.1990) (Okaw II ). The plaintiff returned to this court again and in an order dated March 9, 1992, (Okaw III ), this court again remanded to the trial court with directions to make findings concerning the defendant's dredging of the ditch as well as ordering the court to award damages to the plaintiff with respect to clearing of the brush. For reasons not made clear in its decision, the trial court disregarded the directions of the appellate court order (Okaw III ), and issued an opinion denying any damages to the plaintiff.
 The law of the case doctrine requires a lower court judge to comply with the rulings made by the appellate court in the case. See Sibbald v. United States, 37 U.S. (12 pet.) 488, 492 (1838); Johnson v. Burken, 930 F.2d 1202, 1207 (7th Cir.1991); Unity Ventures v. County of Lake, 894 F.2d 250, 252 (7th Cir.1990). With respect to our order that the trial court award damages to the plaintiff for clearing the brush, the trial court once more failed to follow the direction of the appellate court. With respect to our order directing the court to make findings regarding the "clean out and dredging" of the ditch, the court's findings are unsupported by the record. Accordingly, we remand the case once more for further proceedings consistent with this opinion and our order of March 9, 1992, (Okaw III ).
 In order to avoid further problems, and in consideration of the best interests of both the trial and appellate court, we invoke Circuit Rule 36 and direct that the remanded case "be reassigned by the district court for trial before a judge other than the judge who heard the prior trial". On remand, a different trial judge shall hold a new trial on the issue of damages for the defendant's breach of its brush clearing duties as well as on the issue of liability (and damages if necessary) regarding defendant's dredging duties.[1]
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable James B. Zagel, of the Northern District of Illinois, sitting by designation
 
 
 [1]
 The defendant argued in its brief that the plaintiff failed to perform certain duties under the contract (i.e., providing defendant with written notice of defective clearing or dredging), and thus the defendant was excused from performance. At oral argument, the defendant conceded that this issue was not presented to the trial court and has been waived. Accordingly, the defendant may not raise this claim of the plaintiff's breach of duties on remand